THE RELIABLE LIFE INSURANCE CO. *v.*
ORTIS ELBY

5-5017 446 S. W. 2d 215

Opinion delivered November 3, 1969

*Don Gillaspie,* for appellant.

*O. K. Robertson,* for appellee.

LYLE BROWN, Justice. The Reliable Life Insurance Company petitioned the chancellor for an order of cancellation of insurance issued on the life of Fannie M. Elby. The petition was filed after Mrs. Elby's death and Ortis Elby, beneficiary, was named as defendant. The prayer for cancellation was based on a policy requirement that the insured be in good health on the date of policy issuance. The trial court held the requirement of good health to have been waived because the insured made disclosure of her medical history to the insurer's agent on the date of the application. The single point advanced by Reliable Life on appeal is that the finding of waiver was against the preponderance of the evidence.

Appellee Ortis Elby was his only witness. His evidence may be summarized thusly: Reliable's agent solicited an application and filled in the answers for a five hundred dollar policy on the life of Elby's wife; Mrs. Elby signed by mark; present were the agent and the Elby couple; in answer to the agent's inquiries, Elby informed him that some three or four years previously Mrs. Elby had been hospitalized and suffered a hemorrhage; the agent asserted that experience to be too remote to be material; he gave the agent the name of the attending physician; and on the date of the application Mrs. Elby was in apparent good health and had so appeared for some time. Other proof showed the date of the application to be July 28, 1967, and the date of death to have been September 12, 1967.

The only witness for Reliable was Dr. Thibault. He testified that Mrs. Elby was his patient in July 1964 and was in his office on three occasions during that month for treatment; that he gave her medication for extremely high blood pressure; that the pressure was down to normal when he saw her the third time; that she was suffering from hypertensive disease which prevailed until her death and actually caused a fatal hemorrhage of the brain; that he next saw her at the hospital at the time of death; and that the autopsy performed by another doctor substantiated his diagnosis.

Reliable's soliciting agent did not testify, nor was any reason for his absence placed in the record. He could have been a material witness in that the answers he allegedly inserted in the application did not correspond to Elby's testimony. The chancellor could properly have treated his unexplained absence as a factor unfavorable to Reliable.

It is significant that, according to Elby, the only medical inquiry was whether his wife had ever been hospitalized with an illness; that he responded by explaining that three or four years previously she was in the hospital and suffered a hemorrhage; and that he gave the agent the name of the doctor. (At the trial Elby was not called upon to name the hospital or the doctor. Apparently the attending physician was one other than Dr. Thibault because the latter testified he did not hospitalize Mrs. Elby.) It is true the application contained other medical questions but the agent did all the writing. He was certainly dealing with uneducated people. The record discloses that Mrs. Elby could not write her name; that Elby, a Negro laborer, wrote a poor hand; and he used inferior English in his testimony.

Notwithstanding Elby did not relate to the agent Dr. Thibault's 1967 treatment (apparently because he was not asked), Elby supplied information of a serious illness—a hemorrhage of such severity as to require hos-

pitalization. A hemorrhage is certainly not unrelated to high blood pressure; in fact it is commonly known that the latter ailment in a major stage is often climaxed by a hemorrhage. Be that as it may, it is entirely logical that inquiry respecting the reported ailment would have disclosed the blood pressure problem. Reliable had the type of information that suggested a cautionary investigation and therefore is in no position to complain that Dr. Thibault's treatment was not revealed. 1 Appleman Ins. L. & P. § 220 (1965); *Old American Life Ins. Co.* v. *McKenzie,* 240 Ark. 984, 403 S. W. 2d 94 (1966).

A provision that a life policy is void if the insured is not in good health at the time of delivery has long been recognized as valid and enforcable; but it is unavailing if the insurer's agent, in the scope of his employment, learns before delivery of the policy that the insured is not in good health. *Southern National Ins. Co.* v. *Heggie,* 206 Ark. 196, 174 S. W. 2d 931 (1943). The chancellor concluded that the medical evidence supplied by Elby constituted a disclosure sufficient to put Reliable on notice of his wife's hypertension. We are unwilling to say that finding was clearly against the preponderance of the evidence. Appellee is allowed an attorney's fee of $250 on the appeal.

Affirmed.