Diane CARMICHAEL *v.* NATIONWIDE LIFE
INSURANCE COMPANY

91-1                                                810 S.W.2d 39

Supreme Court of Arkansas
Opinion delivered May 28, 1991

*Friday, Eldredge & Clark*, by : *Scott J. Lancaster*, for

appellant.

*Wright, Lindsey & Jennings* by : *Edwin J. Lowther, Jr.*, and *Kathryn P. Gearhart*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Diane Carmichael, appeals from a September 11, 1990 order of the Pulaski County Circuit Court granting the motion for summary judgment of appellee, Nationwide Life Insurance Company. We find no error and affirm.

Rodney Carmichael, appellant's decedent, on August 5, 1988, applied for a life insurance policy from appellee. Ken Harper, an agent of appellee, asked Mr. Carmichael the questions appearing on the policy application and recorded Mr. Carmichael's answers on the application. Mr. Carmichael then signed the application. Based on the representations in the application, appellee issued a term life insurance policy to Mr. Carmichael. The policy named appellant as its beneficiary.

Mr. Carmichael died on March 30, 1989, of congestive heart failure. Because his death occurred during the policy's two-year contestability period, appellee conducted a routine investigation to determine whether the answers Mr. Carmichael gave on the application were true and complete. In the course of the investigation, appellee discovered from medical records that Mr. Carmichael was an insulin-dependent diabetic; his condition was diagnosed prior to his applying for the life insurance policy. Appellee subsequently refused to pay death benefits under the policy and on January 24, 1990, appellant filed suit to collect said benefits.

On July 27, 1990, appellee moved for summary judgment. The bases of the motion were: 1) the pleadings on file; 2) the insurance policy and application issued by appellee to Rodney Carmichael; 3) the affidavit of Ken Harper, appellee's agent; 4) relevant medical records; 5) the affidavit of Christina Garrison, appellee's Life & Health Zone Underwriting Manager for Arkansas; and 6) the memorandum brief filed in support of the motion. This appeal comes from the trial court's order granting the motion.

Appellant contends that appellee's motion for summary judgment was based on the finding that Mr. Carmichael did not

inform Ken Harper of his diabetic condition. She argues this is a question for the jury, and therefore, the trial court's granting summary judgment was in error. Appellant relies on *Gilcreast* v. *Providential Life Ins. Co.*, 14 Ark. App. 11, 683 S.W.2d 942 (1985). In *Gilcreast*, the court of appeals stated that whether the claimant made fraudulent misstatements in applying for an insurance policy, thereby effectuating the incontestability provision of the policy, was a fact question for the jury. *Gilcreast*, however, is not controlling on the facts before us.

In support of her argument, appellant maintains that Ken Harper, appellee's agent, either failed to obtain Mr. Carmichael's response on each and every question on the insurance application, or failed to accurately record the answers Mr. Carmichael gave. Appellant argues that making such an allegation in her complaint raised a fact question for the jury, and that the case revolved around the factual determination as to the credibility of the witnesses produced by both parties. Appellant contends several factors support her allegations. She says it is very unlikely that Mr.Carmichael, if questioned about diabetes, would have responded negatively since he had been diagnosed in 1981 as having diabetes, had been on medication since that time to control the condition and led a perfectly healthy, normal life. Appellant also claims that the fact the application was executed at Mr. Carmichael's place of employment during working hours, is conducive to the conclusion that the insurance agent failed to have Mr. Carmichael respond to each and every question in an effort to conserve time.

Although appellant makes these assertions, she offers nothing in the way of evidence to substantiate them. Furthermore, the case at bar is clearly distinguishable from *Gilcreast, supra*. In *Gilcreast* the insured was a party to the action and able to testify about the application process. In the case at bar, the only people present when the application was filled out were Mr. Carmichael and Mr Harper. Consequently, the only person with personal knowledge of what actually transpired at their meeting is Mr. Harper.

In its brief in support of summary judgment, appellee alleged that during the application process, Rodney Carmichael made misrepresentations which were material to its acceptance

of the risk. The application for the life insurance policy was attached to the motion for summary judgment as Exhibit A. The following question appeared on the application:

> 11(a). Has any person named in Question 1 ever been treated for, had any known indication of or taken any medication for high blood pressure, angina, pain or discomfort in chest, heart attack or other heart disorder, stroke, kidney disorder, epilepsy, nervous or mental disorder, diabetes or cancer? (circle which)

The box marked "no" was checked. Appellee contends it would not have issued the policy had Mr. Carmichael stated the true facts.

Also in its brief in support of summary judgment, appellee recognizing there is no Arkansas case law which directly addresses the effect of an applicant's signature on a policy application, asserted that by signing an application for insurance, an applicant certifies that the information contained in it is correct to the best of his knowledge.

The application included a certification by Rodney Carmichael which stated:

> I have read this application. I understand each of the questions. All of the answers and statements on this form are complete and true to the best of my knowledge. I understand that this form, amendments to it, and related medical examinations will become a part of the policy.

> Signed:  Rodney Carmichael

It is well established in Arkansas that one is bound under the law to know of the contents of a paper signed by him and he cannot excuse himself by saying he did not know what it contained. *Pittsburg Steel Co.* v. *Wood*, 109 Ark. 537, 160 S.W. 519 (1913). Thus, the fact that the decedent signed the application certifying the information contained in it was correct to the best of his knowledge is at least probative evidence of his misrepresentation.

In considering the motion for summary judgment, the trial court had before it Mr. Carmichael's application in which both the "no" answer was checked to the question of whether he had been treated for diabetes or heart disorders, and Mr. Carmichael

attested that the policy application was complete and true to the best of his knowledge. Also before the court were Mr. Carmichael's 1989 medical records, which established that he had been an insulin-dependent diabetic since 1981 and had knowingly suffered from chest flutters and irregular heartbeats for the past fifteen years. In his affidavit, Ken Harper, appellee's agent, stated that he asked Mr. Carmichael each and every question contained in the application exactly as it appeared and that he truly and accurately recorded each and every answer exactly as given by Mr. Carmichael and that when the policy application was signed, he had no knowledge or reason to know of any condition which should have been disclosed by Mr. Carmichael. Christina Garrison, appellee's underwriting manager, stated in her affidavit that had Mr. Carmichael revealed his history of diabetes and heart conditions in his application, his coverage would have been declined.

██ Ark. R. Civ. P. 56 provides that summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact. *Rickenbacker* v. *Wal-Mart Stores, Inc.*, 302 Ark. 119, 788 S.W.2d 474 (1990). The burden of proving there is no genuine issue of material fact rests with the party moving for summary judgment. *King* v. *Jackson*, 302 Ark. 540, 790 S.W.2d 904 (1990). Once the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Anderson* v. *First Nat'l Bank*, 304 Ark. 164, 801 S.W.2d 273 (1990). The evidence is viewed most favorably to the party resisting the motion, with all doubts and inferences resolved against the moving party. *Pinkston* v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20. (1988).

██ Appellant offered no evidence to rebut even a single assertion made by appellee. In her response to the motion she simply suggested that it was not reasonable under the circumstances to think that Mr. Carmichael made any misrepresentation. In essence, she would have the jury consider the credibility of a witness whose testimony is uncontroverted. However, Ark. R. Civ. P. 56(e), which concerns what defense is required to a motion for summary judgment, specifically provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Although appellant responds to appellee's motion for summary judgment, she does so with mere allegations, not the specific facts required for showing that a genuine issue of material fact exists. For this reason, we cannot say the trial court erred in granting appellee's motion for summary judgment.

Finally, appellant urges this court to retroactively apply Act 662 of 1989 [Ark. Code Ann. § 23-79-107 (Supp. 1989)]. We refuse to do so. At the time decedent made application for the policy of insurance in question, Ark. Code Ann. § 23-79-107(a) (1987) provided in part:

> Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
>
> (1) Fraudulent; or
>
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>
> (3) The insurer in good faith would not have issued the policy . . . if the facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

Act 662 of 1989 mirrors the previous Code, but includes this additional provision [section 23-79-107(c)]:

> In any action to rescind any policy or contract or to recover thereon, a misrepresentation is material if there is a causal relationship between the misrepresentation and the hazard resulting in a loss under the policy or contract.

Appellee's right to deny coverage under the law then in effect is a substantive right. Legislation which changes substan-

tive rights does not operate retroactively. *Scott* v. *Consolidated Health Management, Inc.*, 297 Ark. 601, 764 S.W.2d 434 (1989). Thus, the provision added by Act 662 of 1989 is not applicable to this case.

Viewing the evidence presented in the light most favorable to appellant, we cannot say she presented a genuine issue of material fact. Therefore, we affirm the trial court's order granting summary judgment.