Paulla WOZNIAK *v.*
COLONIAL INSURANCE COMPANY of California

CA 93-897                                         885 S.W.2d 902

Court of Appeals of Arkansas
Division II
Opinion delivered September 7, 1994

*Richard McMillan,* for appellant.

*Wright, Chaney, Berry & Daniel, P.A.,* by: *Travis R. Berry,* for appellee.

JAMES R. COOPER, Judge. The appellant in this automobile insurance case struck a pedestrian while driving an automobile she had previously insured with the appellee, Colonial Insurance. The pedestrian obtained a jury verdict of approximately $22,000.00 from his insurer, Allstate, which then received a judgment for this amount against the appellant. The appellant's insurance company, the appellee, denied coverage, claiming that the appellant's automobile policy had been cancelled for nonpayment of premium prior to the date of the appellant's accident. After reviewing the pleadings and the affidavit and deposition of the appellant, the trial court found that no contract existed between the parties at the time of the accident and entered summary judgment for the appellee. From that decision, comes this appeal.

For reversal, the appellant claims that the trial court erred in granting summary judgment because a question of fact existed for a jury's determination. We agree, and we reverse and remand.

The party moving for summary judgment must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Keller* v. *Safeco Ins. Co.,* 317 Ark. 308, 311, 877 S.W.2d 90 (1994). All proof submitted must be considered in the light most favorable to the non-moving party, and any doubts or inferences must be resolved against the moving party. *Id.* On appeal, the court determines if summary judgment was proper based on whether the evidence presented by the movant leaves a material question of fact unanswered, *id.* at 311-12, and summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals an aspect from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ. *Baxley* v. *Colonial Insurance Co.,* 31 Ark. App. 235, 240, 792 S.W.2d 355 (1990).

Most of the facts in this case are undisputed by the parties. On February 11, 1991, the appellant signed an application for automobile insurance with the appellee and paid two months premium, which provided coverage until April 12, 1991. The policy application incorrectly stated the appellant's mailing address as 108 Jim Bob Circle rather than the correct address of 106 Jim Bob Circle. The appellant signed the application without noticing the mistake. On March 7, 1991, the appellee sent a premium notice to the appellant at the incorrect address shown on the application. The appellant never received the premium notice and, at the hearing on the appellee's motion for summary judgment, the appellee's attorney stated that the premium notice was returned to the appellee after the accident, stamped "return to sender." On March 29, 1991, the appellee mailed a notice of cancellation to the appellant at the incorrect address, stating that her automobile policy would lapse April 12, 1991, for nonpayment of premium. This notice was also returned to the appellee and was stamped "returned to sender 4-14-91."

In her deposition, the appellant testified that she never received a policy, premium notice, or any correspondence from the appellee after she signed her application; that two weeks before the end of March, she called the agency and advised a woman with whom she spoke that she had not received anything from the insurance company and that the woman took her telephone number and stated that she would get back with the appellant but never did respond; and that, the day after the accident occurred, the lady with whom she had previously spoken stated that she remembered the appellant's previous call checking on the status of her policy. The appellant also testified that she had moved to a new address on Walker Street three weeks before the accident occurred but she had not advised the insurance company of her new address or filed a change of address with the post office.

Although it was undisputed that the appellant had not paid the policy premium for coverage after April 11, 1991, we hold that a jury question remained regarding whether the appellee properly cancelled the appellant's policy. Arkansas Code Annotated § 23-89-304 (Supp. 1991) provides in part:

(a)(1) No notice of cancellation of a policy to which

§ 23-89-303 applies, and no notice of cancellation of a policy which has been in effect less than sixty (60) days at the time notice of cancellation is mailed or delivered, shall be effective unless mailed or delivered by the insurer to the named insured.

(2) No notice of cancellation to any named insured shall be effective unless mailed or delivered at least twenty (20) days prior to the effective date of cancellation, provided that, where cancellation is for non-payment of premium, at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given.

Arkansas Code Annotated § 23-89-306 (1987) provides that "[p]roof of mailing of notice of cancellation, or of intention not to renew, or of grounds for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice."

The appellee argues that, because it mailed proof of cancellation to the address shown on the policy application, which was signed by the appellant, it complied with § 23-89-304 and its cancellation of the appellant's policy prior to the date of the accident was therefore valid. The appellee relies on *Carmichael* v. *Nationwide Life Insurance Co.*, 305 Ark. 549, 552, 810 S.W.2d 39 (1991), and *Pittsburgh Steel Co.* v. *Wood*, 109 Ark. 537, 542, 160 S.W. 519 (1913), for the proposition that one is bound under the law to know the contents of the paper signed by him and cannot excuse himself by saying he did not know what it contained. The appellee concludes that, although it is disputed whether the appellant or the appellee's agent caused the wrong address to be placed on the appellant's policy application, the appellant signed the application and is therefore bound by the statements included in it.

The appellee also points out that the appellant acknowledged that she moved from her address between the last of March and the first week in April without notifying the appellee or the post office, suggesting that, even if the notices had been mailed to the appellant's correct address, she might not have received them.

The appellant responds that she gave her correct address to the appellee's agent and he made the mistake in completing her application; therefore, she argues, the appellee is responsible for the mistake. She relies on *General Agents Insurance Co.* v. *St.*

*Paul Insurance Co.*, 22 Ark. App. 46, 51, 732 S.W.2d 868 (1987), where we held that, when the facts had been truthfully stated to the soliciting agent but, by fraud, negligence, or mistake, are misstated in the application, the company cannot set up the misstatements in avoidance of its liability, if the agent was acting within his real or apparent authority and there is no fraud or collusion on the part of the insured. *See also Time Ins. Co.* v. *Graves*, 21 Ark. App. 273, 282-83, 734 S.W.2d 213 (1987); and *Gilcreast* v. *Providential Life Ins. Co.*, 14 Ark. App. 11, 13, 683 S.W.2d 942 (1985). We note that the cases cited by both the appellee and the appellant regarding statements made in applications are to be distinguished from the case at bar because, in those cases, the applications involved statements critical to the risks being assumed by the insurance companies; whereas, here, the mistake was merely a clerical one.

In her brief, the appellant also relies on this Court's holding in *Swinney* v. *Atlanta Casualty Co.*, 42 Ark. App. 80, 854 S.W.2d 728 (1993). However, since the appellant's brief was written, the Supreme Court has overruled that holding. *See Atlanta Casualty Co.* v. *Swinney*, 315 Ark. App. 565, 868 S.W.2d 501 (1994), where the Supreme Court held that, under § 23-89-306, whether a notice was received by the insured is irrelevant according to the statute, as "[p]roof of mailing is sufficient proof of notice." 315 Ark. App. at 567.

In *Swinney*, the Supreme Court noted that the appellee had presented no evidence to challenge the proof of mailing. However, in the case at bar, the appellant has presented evidence that the notice was sent to an address which the appellee had reason to know was incorrect. Under the circumstances of this case, we think a jury could have found that the appellee was aware that it had an incorrect address for the appellant when it mailed her notice of cancellation and, therefore, did not properly cancel her policy. *See Merrimack Mutual Fire Insurance Co.* v. *Scott*, 219 Ark. 159, 163, 240 S.W.2d 666 (1951); *see also National Investors Fire & Casualty Ins. Co.* v. *Chandler*, 4 Ark. App. 116, 121, 628 S.W.2d 593 (1982).

We hold that whether the appellee had knowledge or should have known that the appellant's address on the application was incorrect is a material question of fact for the jury's

determination which should have been answered before the trial court determined whether sufficient notice of cancellation was given. We therefore reverse and remand for trial.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.