Lamar NEILL *v.* NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY

CA 02-605                                           98 S.W.3d 448

Court of Appeals of Arkansas
Division II and III
Opinion delivered February 19, 2003

*Gibson Law Office*, by: *C.S. "Chuck" Gibson*, for appellant.

*Watts, Donovan & Tilley, P.A.*, by: *Jim Tilley* and *Michael McCarty Harrison*, for appellee.

A NDREE LAYTON ROAF, Judge. Appellant Lamar Neill's home was damaged by a fire, and he filed a claim with his homeowners' insurance company, appellee Nationwide Mutual Fire Insurance Company. After finding out that Neill had previous fire losses that were not disclosed in his application, Nationwide denied Neill's claim and filed an action for declaratory relief, seeking to void the policy. Neill counterclaimed for breach of contract and bad faith. The trial court granted summary judgment in favor of Nationwide based on the misrepresentation in the application and voided the policy. On appeal, Neill argues

that the trial court erred in granting summary judgment to Nationwide and voiding the policy. We reverse and remand.

On November 18, 1993, Neill met with a Nationwide agent, Leon Anderson, to apply for homeowners' insurance for a mobile home. According to Neill, Anderson asked him several questions and typed in Neill's answers on the computer, such as whether he had ever been sued and whether he had ever filed bankruptcy. Neill testified in his deposition that Anderson did not ask him about any previous fire losses, or if he did ask him, Neill stated that he must not have understood the question because he would not have replied that he had no prior losses. After Anderson finished asking the questions, the application for insurance was printed out, and Neill testified that he signed it without reading it, as he assumed that it contained the answers he had given to Anderson. Above his signature, the application contained a clause that Neill declared that the facts in the application were true and that he was requesting the company to issue the policy in reliance thereon. It is undisputed that on that application, under a section titled "Past Losses," the answer "None" was typed.

On April 16, 1997, Neill's home was severely damaged by fire, and he made a claim for insurance benefits with Nationwide. In the course of its investigation, Nationwide learned from Neill that he had had three previous fire losses. Nationwide denied Neill's claim, stating that he made a material misrepresentation in his application, and filed a complaint for declaratory judgment, seeking to have the policy declared void *ab initio*. The trial court granted summary judgment to Nationwide based on the misrepresentation, and Neill appeals from that ruling.

■ ■ On appeal, Neill argues that the trial court committed reversible error in granting Nationwide's motion for summary judgment, thereby voiding the policy. When reviewing orders of summary judgment, the appellate court need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Chambers v. Stern*, 347 Ark. 395, 64 S.W.3d 737 (2002). If, after reviewing undisputed facts, reasonable men might reach different conclusions

from those facts, then summary judgment should be denied. *Plant v. Wilbur*, 345 Ark. 487, 47 S.W.3d 889 (2000).

██ ██ It is a well-settled proposition that where the facts have been truthfully stated by an insured to the soliciting agent, but by fraud, negligence, or mistake, the facts are misstated in the application to the insurer, the insurer cannot rely on the misstatements in avoidance of liability, if the agent was acting within his real or apparent authority, and there is no fraud or collusion on the part of the insured. *Interstate Fire Ins. Co. of Chattanooga, Tenn. v. Ingram*, 256 Ark. 986, 511 S.W.2d 471 (1974); *General Agents Ins. Co. v. St. Paul Ins. Co.*, 22 Ark. App. 46, 732 S.W.2d 868 (1987); *Time Ins. Co. v. Graves*, 21 Ark. App. 273, 734 S.W.2d 213 (1987). However, in *Carmichael v. Nationwide Life Ins. Co.*, 305 Ark. 549, 810 S.W.2d 39 (1991), the court also stated that a person is bound under the law to know the contents of the papers he signs and that he cannot excuse himself by saying that he did not know what the papers contained.

In *Graves, supra*, an insurance agent, who knew the Graveses and knew that Mrs. Graves had been operated on for cancer, told the insureds that he could provide her with coverage for her pre-existing condition. The Graveses testified that the agent filled out the application and that they truthfully answered each question asked by the agent, but that they did not read the application before they signed it. One question asked on the application, whether the insured had previously been treated for cancer, was left unanswered. Subsequently, an amendment to the application was received by the agent containing the unanswered question. The amendment already had the word "no" typed on it, and the agent testified that he got Mr. Graves to sign it. The amendment stated that Mr. Graves hereby amends "my application." Mr. Graves testified that the amendment contained his signature, but that he did not remember signing it. The court stated that the jury could have found that his signature did not constitute an untruthful statement as to Mrs. Graves's pre-existing condition. *Id.*

In *Ingram, supra*, the agent asked Ingram questions and filled out the application, which Ingram signed. Although there were

several questions answered incorrectly, Ingram testified that he answered each question that the agent asked correctly, so that the agent must have inaccurately recorded his answers. The court stated that Interstate was not entitled to a directed verdict under the evidence in that case and that there was no error in instructing the jury that where the facts were truthfully stated to an agent, but by fraud, negligence, or mistake, the agent misstated the information, the company cannot avoid liability if the agent had authority and there is no fraud or collusion on the part of the insured. *Id.*

In *Carmichael, supra,* the insured's beneficiary appealed from an order of summary judgment in favor of the insurer. The evidence showed that the agent asked questions and recorded Mr. Carmichael's answers on the application. Mr. Carmichael then signed the application. Based on misrepresentations in the policy that Mr. Carmichael did not suffer from diabetes, the insurer refused to pay the benefits under the policy. The appellant, Mrs. Carmichael, argued that the agent must have failed to ask her husband the question or that the agent must have inaccurately recorded his answer, because her husband had suffered from diabetes for many years and would not have responded negatively to the question. However, the court stated that there was no evidence to sustain Mrs. Carmichael's allegations and that the only person with personal knowledge of what transpired was the agent, because Mr. Carmichael had died. *Id.* The agent, in his affidavit, averred that he had asked every question on the application and that he had correctly recorded Mr. Carmichael's answers. The court noted that Mr. Carmichael had signed a certification that the information in the application was true and stated that this was at least probative evidence of his misrepresentation. *Id.* Because Mrs. Carmichael offered no evidence to rebut any of the assertions made by the insurer, the court found that summary judgment was appropriate. *Id.*

Nationwide relies heavily on *Carmichael, supra,* in support of its argument that summary judgment was properly granted to them in this case. However, in *Carmichael,* the insured was not alive to testify as to the circumstances surrounding the application process, the agent testified that he had asked every question and correctly recorded the insured's answers, and the appellant offered

no other evidence to rebut the insurer's assertion that the insured misrepresented a material fact in the application. As noted by the court, the appellant "would have the jury consider the credibility of a witness whose testimony is uncontroverted." 305 Ark. at 553, 810 S.W.2d at 42. Here, Neill is able to testify and has testified that he was not asked about prior losses by the agent. In contrast, Nationwide has not presented evidence by its agent that the question was asked and answered incorrectly by Neill.

■ Pursuant to the foregoing authorities, we find that there is a fact question as to whether Nationwide asked and correctly recorded Neill's answer about previous losses. The fact that Neill signed the certification that the information was true is merely probative evidence of his misrepresentation and not dispositive of the case. Thus, summary judgment in this instance was not appropriate, and we reverse and remand.

Reversed and remanded.

PITTMAN, ROBBINS, and CRABTREE, JJ., agree.

GLADWIN and NEAL, JJ., dissent.

ROBERT J. GLADWIN, Judge, dissenting. I dissent from the majority's opinion.

In reviewing summary-judgment cases, we need only decide if the grant of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *National Union Fire Ins. Co. v. Guardtronic, Inc.*, 76 Ark. App. 313, 64 S.W.3d 779 (2002). Once the moving party has established a prima facie entitlement to summary judgment, the burden shifts to the nonmoving party to meet proof with proof and demonstrate the existence of material fact. *Little Rock Elec. Contractors, Inc. v. Entergy Corp.*, 79 Ark. App. 337, 87 S.W.3d 842 (2002).

During the insurance application process, the agent asked Neill a series of questions and entered the answers into his computer. Although Neill was never asked whether he had sustained any previous losses due to fire, the agent entered "none" in a box

headed "past losses." The application was printed and contained the following language:

> "I hereby declare that the facts stated in the above application are true and request the company to issue the insurance and any renewals thereof in reliance thereon."

Neill signed on a line that required the personal signature of the applicant. Nationwide issued a policy insuring Neill's mobile home. The mobile home burned, and it was at that time that the investigators for Nationwide first learned of Neill's three prior losses due to fire. Nationwide denied coverage based upon the misrepresentation in the application.

It is well established in Arkansas that one is bound under the law to know the contents of a paper signed by him, and he cannot excuse himself by saying he did not know what the papers contained. *Carmichael v. Nationwide Life Ins. Co.*, 305 Ark. 549, 810 S.W.2d 39 (1991); *National Union Fire Ins. Co. v. Guardtronic, Inc.*, *supra*. In *Banks v. Evans*, 347 Ark. 383, 64 S.W.3d 746 (2002), the supreme court stated that it is a rule of general application that one is bound to know the content of a document one signs, and if the signer has had the opportunity to read it before he signs it, he cannot escape the obligations imposed by the document by merely stating that it was signed without reading it.

Further, in signing the application, Neill requested that Nationwide rely on the answers given in the application to issue the insurance policy. There is nothing ambiguous or misleading about the words "past losses" and "none" which appear just inches above Neill's signature. He declared that the facts in the application were true when they were not, and Nationwide rightfully relied on that declaration.

The materiality to the risk of a fact misrepresented, omitted, or concealed is a question of fact so long as the matter is debatable. It is a question of law when the materiality to the risk is so obvious that a contrary inference is not permissible. *Old Republic Ins. Co. v. Alexander*, 245 Ark. 1029, 436 S.W.2d 829 (1969). In obtaining property insurance, there can be no doubt as to the materiality of three prior losses due to fire. Appellee established a prima facie entitlement to summary judgment, and appellant

failed to meet proof with proof. There was no material question of fact left unanswered. Therefore, I believe that the trial court was correct in granting summary judgment. I would affirm.

NEAL, J. joins.