# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1813

_____

Crystal Gann

*Plaintiff - Appellant*

v.

Household Life Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 12, 2016
Filed: August 5, 2016
[Unpublished]

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and BOUGH[1], District
Judge.

_____

PER CURIAM.

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western
District of Missouri, sitting by designation.

Crystal Gann ("Gann") is the beneficiary of a life insurance policy issued by Household Life Insurance Company ("Household Life") to Gann's late mother, Alice Griffin ("Griffin"). Gann filed this lawsuit alleging Household Life had breached the terms of the insurance policy by denying Gann's claim for the policy proceeds. Gann also asserted claims for unjust enrichment, bad faith, and outrage. The district court[2] concluded that Household Life had successfully asserted and shown a good faith defense pursuant to Ark. Code Ann. § 23-79-107(a)(3) (Repl. 2004), which was in effect at the time of Griffin's application in 2010. Therefore, the district court determined that Household Life was entitled to summary judgment.

The facts in this case are undisputed. Griffin submitted an insurance application to Household Life online. Household Life's underwriting process is heavily automated. If an applicant answers "no" to seven questions, then the Medical Information Bureau conducts a database search, and if no red flags are raised, Household Life automatically issues an insurance policy without further review. One question asks, "[A]re you currently receiving disability income benefits or have you submitted a claim for disability within the past five years?" Griffin answered "no." After her death, Household Life investigated Gann's claim under Griffin's policy and discovered records that established Griffin was receiving disability income benefits for a muscle, ligament, and fascia disorder when she applied for the life insurance. Thus, Household Life denied Gann's claim. The parties do not dispute that if Gann had answered "yes" to the question regarding disability benefits, Household Life would not have issued the policy.

Gann appeals the district court's adverse grant of summary judgment on all of Gann's claims, arguing that under Ark. Code Ann. § 23-79-107(c), the good faith defense requires a causal relationship between the misstatement and the loss suffered.

---

[2] The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

Gann contends that because there was no causal relationship between Griffin's misstatement regarding whether she was receiving disability benefits and her death from pneumonia, the defense was misapplied by the district court.

After reviewing de novo the district court's interpretation of applicable Arkansas Law, see Roemmich v. Eagle Eye Dev., LLC, 526 F.3d 343, 348 (8th Cir. 2008) (de novo review of the district court's interpretation of state law), we conclude that summary judgment in Household Life's favor was proper for the reasons stated by the district court. See McQuay v. Arkansas Blue Cross and Blue Shield, 98 S.W.3d 454, 457-58 (Ark. Ct. App. 2003) (discussing a causal relationship as a requirement for an insurer asserting a defense under Ark. Code Ann. § 23-79-107(a)(2), but not for the assertion of the good faith defense under Ark. Code Ann. § 23-79-107(a)(3)); Burnett v. Philadelphia Life Ins. Co., 101 S.W.3d 843, 848 (Ark. Ct. App. 2003) (noting that the burden is on insurer "to sustain its contention that the facts not disclosed were material to the risk assumed by it *or* that, in good faith, it would not have issued the policy had it known the true facts" (emphasis added) (citation omitted)); compare Ark. Code Ann. § 23-79-107(a)(2) (listing a misstatement that is "material either to the acceptance of the risk or to the hazard assumed by the insurer" as a possible impediment to recovery under the policy), and Ark. Code Ann. § 23-79-107(c) (providing a definition for materiality—"a misrepresentation is material if there is a causal relationship between the misrepresentation and the hazard resulting in a loss under the policy or contract"—which suggests the provision only applies to Ark. Code Ann. § 23-79-107(a)(2)), with Ark. Code Ann. § 23-79-107(a)(3) (providing no mention of "material" but stating that the misstatement may prevent recovery where "[t]he insurer in good faith would not have issued the policy . . . if the facts had been made known to the insurer as required by the application for the policy"). Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____