## LITTLE ROCK ELECTRICAL CONTRACTORS, INC. *v.* ENTERGY CORPORATION

CA 02-211                                                        87 S.W.3d 842

Court of Appeals of Arkansas
Division IV
Opinion delivered October 30, 2002

[Petition for rehearing denied December 4, 2002.]

*Junius Bracy Cross*; and *Charles F. Mills*, for appellant.

*Hill, Gilstrap, Perkins & Trotter, PC*, by: *G. Alan Perkins* and *Julie Greathouse*; and *Sean Moore*, for appellee.

TERRY CRABTREE, Judge. Appellant, Little Rock Electrical Contractors, Inc. (LREC), appeals the decision of the trial court granting the appellee's, Entergy Corporation (Entergy), motion for summary judgment. Appellant's first point on appeal is that the trial court was inconsistent in its ruling by stating that the "Plaintiff's complaint alleges a cause of action under the Arkansas Deceptive Trade Practices Act," and then dismissing the complaint with prejudice. Appellant's second point on appeal is that the trial court erred in granting the motion for summary judgment because there were genuine issues of fact to be tried. Appellant's final point on appeal is that the trial court was in error when it decided that there was no "unconscionable, false, or deceptive act or statement made by Entergy Corporation." We affirm.

On October 10, 1987, appellant entered into a Master Agreement with Entergy Integrated Solutions, Inc. (EIS), whereby LREC was to perform certain services for EIS. EIS was a subsidiary of Entergy Enterprises, Inc., which was a nonregulated entity of its parent corporation, Entergy Corporation. On September 30, 1998, Entergy Enterprises sold all of the stock of

Efficient Solutions, Inc., formerly known as Entergy Integrated Solutions, Inc., to Proven Alternatives, Inc. Less than a year later, Proven Alternatives filed for bankruptcy. The bankrupt corporation had an outstanding balance of $51,246.24 owed to LREC.

When LREC was unable to recover the balance owed by the bankrupt corporation, it filed a complaint against Entergy alleging that it had violated the Arkansas Deceptive Trade Practices Act (ADTPA) by engaging in any unconscionable, false, or deceptive act or practice in business, commerce, or trade. Ark. Code. Ann. § 4-88-107(a)(10) (Repl. 2001). The complaint alleged that Entergy, by allowing EIS to use its logo and name in the Master Agreement, deceived LREC into believing that Entergy had a financial interest in the Master Agreement and would be financially responsible for any obligations incurred by EIS in the course of business.

The president of LREC, George E. Smith, testified that he was initially concerned about the credit worthiness of EIS because his company had never transacted business with EIS prior to this agreement. However, Mr. Smith testified that after he reviewed the Master Agreement, he formed the belief that his company was "actually dealing with Entergy itself, and that Entergy Integrated Solutions, Inc., was but a number of similarly related business concerns that comprised the Entergy family." Mr. Smith testified that he was satisfied that "the party with whom we were contracting was an Entergy Company, and that there was adequate financial backing for any work that we would do in furtherance of the Master Agreement."

After a hearing on the motion for summary judgment, the trial court found that although the ADTPA did cover the agreement between appellant and EIS with the "catch-all" provision in Ark. Code Ann. § 4-88-107(a)(10), Entergy had not violated the ADTPA because the Master Agreement set forth truthfully and accurately the corporate identity of the contracting party. The trial court, based on the finding that there had been no "unconscionable, false, or deceptive act or statement made by Entergy,"

granted the appellee's motion for summary judgment. This appeal followed.

For its first point on appeal, appellant argues that because the trial court found that the appellant had stated a cause of action, proof of the complaint's allegations entitled appellant to a judgment. Appellant has confused a Rule 12(b)(6) dismissal with a grant of summary judgment pursuant to Rule 56. The Arkansas Supreme Court has clearly stated that "[s]ummary judgment based upon a failure to state a claim upon which relief can be granted is different from summary judgment based upon a lack of disputed material facts which results in a party's entitlement to the judgment as a matter of law." *Mertz v. Pappas*, 320 Ark. 368, 370, 896 S.W.2d 593, 594-95 (1995). In this case, although the trial court found that the appellant stated a cause of action, the trial court subsequently found that there were no genuine issues of material facts to be tried and granted the summary judgment based on Rule 56, not Rule 12(b)(6). We find no error by the trial court on this point on appeal.

For its second point on appeal, appellant asserts that the trial court ignored the fact that there were genuine issues of material fact to be tried. Rule 56 of the Arkansas Rules of Civil Procedure governs the disposition of summary-judgment cases. It provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion.

Ark. R. Civ. P. 56(c)(2).

We no longer refer to summary judgment as a drastic remedy and now regard it as one of the tools in a trial court's efficiency arsenal. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 570, 11 S.W.3d 531, 536 (2000). We will only approve the granting of summary judgment when the state of the evidence as

portrayed by the pleadings, affidavits, discovery responses, and admission on file is such that the nonmoving party is not entitled to its day in court because there are not any genuine issues of material facts remaining. *Id.* All proof submitted must be viewed in the light most favorable to the nonmoving party, and any doubts must be resolved against the moving party. *Id.* at 568-69, 11 S.W.3d at 535. However, it is well settled that once the moving party has established a prima facie entitlement to summary judgment, the burden shifts to the nonmoving party to meet proof with proof and demonstrate the existence of material fact. *Id.* If there is evidence from which an inconsistent hypothesis might be drawn and reasonable minds might differ, then summary judgment is not proper. *Id.*

Appellant argues that the reasonableness of Mr. Smith's beliefs is a question of material fact, and it cites *Godwin v. Hampton*, 11 Ark. App. 205, 669 S.W.2d 12 (1984), in support of this argument. However, as appellee's brief points out, *Godwin* was a misrepresentation case which was tried, and it involved review by the appellate court of the trial court's findings on liability. *Godwin* does not address summary judgment in an ADTPA case. In the case at bar, the question is not whether the trial court correctly ruled on issues of fact, but whether or not genuine issues of material fact existed.

To prove liability under the ADTPA, the appellant must show that the appellee committed a deceptive and unconscionable trade practice. The appellant argues that the subjective beliefs of Mr. Smith provide proof of the deceptive act, but we agree with appellee that this is more a "self-serving" statement on the part of Mr. Smith than proof that Entergy acted in a deceptive and unconscionable manner. Our supreme court has stated, "[s]elf-serving statements regarding a [party's] state of mind or [his] subjective beliefs are no more than conclusions and are not, therefore, competent summary-judgment evidence." *Flentje*, 340 Ark. at 574-75, 11 S.W.3d at 539 (2000).

■ The trial court found that the material facts in this case are not in dispute. The two most important undisputed facts listed by the trial court are:

(1) Entergy Corporation was not a party to the Master Agreement; and

(2) Entergy Corporation never made any communications, representations or guarantees, oral or written, to the Plaintiff regarding the Master Agreement.

The subjective beliefs of Mr. Smith do not support a finding that reasonable persons could reach different conclusions as to these undisputed facts. Although the Entergy name and logo appear on the Master Agreement that was executed between appellant and EIS, the fact remains that the parties to the contract were clearly stated and that Mr. Smith chose to make the assumption, without further investigation on his part, that EIS was financially backed by Entergy. Mr. Smith's beliefs, standing alone, do not create genuine issues of material fact sufficient to avoid a summary judgment.

■ Finally, appellant asserts that the trial court erred in finding that the appellee had not violated, in any way, the ADTPA. Appellant argues that the appellee committed a deceptive trade practice by allowing ESI to use its company logo and name on the Master Agreement. As stated above, the parties to the contract were clearly stated in the Master Agreement. There was no evidence presented by the appellant that ESI led them to believe in any way that it had the financial backing of Entergy. We hold the use of a logo and company name by a subsidiary of the parent corporation alone is not a deceptive trade practice.

Affirmed.

STROUD, C.J., and BAKER, J., agree.