James BILLINGSLEY and Mary K. Billingsley *v.* David E. SMITH,
*Special Administrator* for the Estate of Samuel Carlson Thomas, Jr.,
and Samuel Carlson Thomas, III

CA 03-778                                              147 S.W.3d 697

Court of Appeals of Arkansas
Division II
Opinion delivered February 18, 2004

Boswell, Tucker & Brewster, by: Ted Boswell and John Andrew Ellis, for appellants.

Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., by: Sam Hilburn and Chris R. Hart, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellants, James and Mary K. Billingsley, initially filed a complaint against the estate of Samuel Thomas Carlson, Jr., to recover on various promissory notes issued to them by Carlson, Jr.; they later filed an amended complaint to include a cause of action against appellee, Samuel Thomas Carlson, III. Appellee filed a motion for summary judgment on his behalf, and the trial court granted that motion. Appellants now appeal, arguing that the trial court erred in granting appellee's motion for summary judgment. We affirm the trial court's grant of summary judgment to appellee.

▮▮▮ This court set forth the standard of review utilized in determining whether a motion for summary judgment is properly granted in Little Rock Electrical Contractors, Inc. v. Entergy Corp., 79 Ark. App. 337, 341-42, 87 S.W.3d 842, 845 (2002):

> We no longer refer to summary judgment as a drastic remedy and now regard it as one of the tools in a trial court's efficiency arsenal. We will only approve the granting of summary judgment when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to its day in court because there are not any genuine issues of material facts remaining. All proof submitted must be viewed in the light most favorable to the nonmoving party, and any doubts must be resolved against the moving party. However, it is well settled that once the moving party has established a prima facie entitlement to summary judgment, the burden shifts to the nonmoving party to meet proof with proof and demonstrate the existence of material fact. If there is evidence from which an inconsistent hypothesis might be drawn and reasonable minds might differ, then summary judgment is not proper.

(Citations omitted.)

The instrument forming the basis of appellants' complaint against appellee is one that appellants contend is a promissory note in the form of a $50,000 check, dated January 12, 1998, and signed by appellee, written on a Thomas Oil Company account at Union Bank. In his affidavit, appellee stipulated that he signed the instrument, but that he did so at the request of his father and in the capacity of accountant for Thomas Oil Company, of which his father was sole proprietor. He further averred that he had never borrowed money from the appellants or signed any promissory notes to appellants guaranteeing payment of $50,000 to them.

In the order granting appellee's motion for summary judgment, the trial judge found that, based upon the pleadings and affidavits of appellants, that as to Thomas, Jr., the check in question was a promissory note, but as to appellee, it was clearly a check; and that it was Thomas, Jr., who asked that the check be held, not appellee. The trial judge further found that there was no question that appellee was acting in a representative capacity when he signed the check, and that appellants accepted the January 12, 1998 check on the same basis as all previous notes/checks.

On appeal, appellants contend that the instrument signed by appellee was not a check but was a promissory note that was not executed in a representative capacity because they were asked to hold the instrument, therefore making it a promise to pay instead of an instrument payable on demand. Appellee contends that the instrument in question was a check, not a note, and therefore he is not liable under Arkansas Code Annotated section 4-3-402(c) (Supp. 2001).

Arkansas Code Annotated section 4-3-104(f)(i) (Supp. 2001) defines a "check" as "a draft, other than a documentary draft, payable on demand and drawn on a bank." Subsection (c) of Arkansas Code Annotated section 4-3-402 provides:

> If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person.

In the present case, the instrument in question was dated January 12, 1998, and made payable to the order of James Billingsley in the amount of $50,000. *See* Ark. Code Ann. § 4-3-109(b)(i)

(Supp. 2001). It was drawn on a Thomas Oil Company account at the Union Bank, *see* Ark. Code Ann. § 4-3-104(f)(i), and it was signed by appellee.

Appellants argue that the instrument is not a check because they were asked to delay presenting the instrument to the bank until funds were available for payment, thus not making the instrument "payable on demand" as required by the definition of a check. *See* Ark. Code Ann. § 4-3-104(f)(i). However, even if appellants were asked to delay presentment of the instrument, as they allege in their "Amended Complaint on Promissory Notes," appellants state in that complaint that it was Thomas, Jr., not appellee, who requested that they delay presenting the instrument for payment at the bank until such time that there were funds available to pay it.

We hold that the instrument signed by appellee on January 12, 1998, met the statutory definition of a check with regard to appellee. Therefore, Arkansas Code Annotated section 4-3-402(c) is applicable, and appellee is not liable to appellants for the amount of the check.

Appellants also cite cases under prior law in support of their position that appellee is liable for the obligation. *See United Fasteners, Inc. v. First State Bank*, 286 Ark. 202, 691 S.W.2d 126 (1985); *Fanning v. Hembree Oil Co.*, 245 Ark. 825, 434 S.W.2d 822 (1968); *Mollenhour v. State First Nat'l Bank*, 27 Ark. App. 176, 769 S.W.2d 28 (1989). Not only were these cases decided under prior law, they are concerned with notes, not a check as in the present case.

We affirm the trial court's grant of appellee's motion for summary judgment.

Affirmed.

BIRD and VAUGHT, JJ., agree.