# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1606

_____

Metropolitan Property and Casualty Insurance Company

*Plaintiff - Appellee*

v.

Gerry Calvin; Garrisha Calvin

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 13, 2015
Filed: September 18, 2015

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Gerry Calvin and his daughter Garrisha Calvin[1] lost their home to a fire in 2011. Their insurer, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), denied their claim and sought a declaratory judgment to void the

_____

[1]For clarity, the opinion uses "Calvin" to refer to Gerry Calvin individually and to Gerry Calvin and Garrisha Calvin collectively as the defendants in this action.

policy. Calvin counterclaimed, alleging, as relevant, breach of contract and bad faith on the part of Metropolitan. The district court denied Calvin's motions for partial summary judgment and granted Metropolitan's motion for summary judgment. We affirm in part, reverse in part, and remand for further consideration.

I.

In March 2006, Calvin's home was destroyed by a fire. His insurance carrier paid the claim, and he rebuilt on the same land. As construction of the new home neared completion, Gerry Calvin spoke with an agent of State Farm Insurance to discuss homeowner's insurance coverage. That agent told Calvin that State Farm would not insure him because of the prior fire loss and advised him to seek insurance from an independent insurance agent.

Following this conversation with the State Farm agent, Calvin applied for a policy through the Mackey Insurance Agency in September 2007. Calvin applied by answering questions posed to him by Eleen Mackey, an employee of the agency. Mackey, in turn, entered the information into a computer. As part of the process, Mackey asked Calvin if he had a prior fire loss within the previous three years, and Calvin informed her that he had a prior fire at the same location. Mackey printed the application, and Calvin signed the application without reading it.

Pertaining to a prior fire loss, the application asks:

Any losses, whether or not paid by insurance, during the last ____ years, at this or at any other locations?

On Calvin's application, the "No" box next to this question is marked with an "X," however the blank within the question is not filled in. Furthermore, the space next to the question designated for Calvin to insert his initials is also blank. Metropolitan

issued a homeowner's policy to Calvin on September 19, 2007, and he paid the premiums regularly.

On May 15, 2011, Calvin's rebuilt home was also destroyed by fire while Calvin and his family were on vacation in Branson, Missouri. Believing the fire to be the result of arson, Metropolitan sent an investigator to attempt to determine the cause of the fire. The investigation was inconclusive and no cause of the fire could be determined.

After the investigation, Metropolitan denied Calvin's claim and filed suit seeking a declaratory judgment to void the policy. Metropolitan claimed that the policy is void because of material misrepresentations in the application and material misrepresentations in the claims process. Metropolitan also claimed that Calvin caused or procured the fire to be set. Calvin filed a counterclaim against Metropolitan, alleging breach of contract, slander, the tort of outrage,[2] and bad faith. Calvin sought partial summary judgment on Metropolitan's claim of arson, and the district court denied that motion holding circumstantial evidence, construed in the light most favorable to Metropolitan, creates a genuine issue of material fact of whether the fire was caused by arson.

After multiple discovery disputes, Metropolitan moved for summary judgment arguing there are no genuine disputes as to any material fact on Metropolitan's claim that Calvin made material misrepresentations in the application and claims process. Calvin moved for partial summary judgment on his breach of contract claim.

---

[2]Metropolitan moved for summary judgment on Calvin's claims of slander and outrage. Calvin did not respond to this part of the motion, and the district court deemed these claims abandoned. Calvin does not challenge this determination on appeal.

The district court determined that Calvin misrepresented his prior loss on the insurance application and that this misepresentation was sufficient to void the policy. The court also granted summary judgment to Metropolitan on Calvin's bad faith claim, determining that there was no evidence that Metropolitan acted in a dishonest, malicious, or oppressive manner. Because the court determined the policy to be void, it denied Calvin's motion for partial summary judgment on his breach of contract claim.

Calvin appeals, arguing the district court erred (1) in voiding the policy based on a material misrepresentation in the application as to a prior loss, (2) in allowing Metropolitan to seek rescission, and (3) in dismissing Calvin's bad faith and breach of contract claims. Calvin also appeals the district court's denial of his motion for partial summary judgment on Metropolitan's claim of arson and as well as several discovery rulings made by the district court.

## II.

"Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-movant, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Raines v. Safeco Ins. Co. of Am., 637 F.3d 872, 874 (8th Cir. 2011) (internal quotation omitted). "We review a district court's grant of summary judgment de novo, including its interpretation of state law." Id. at 875. The parties agree that Arkansas law governs in this diversity action. See Chew v. Am. Greetings Corp., 754 F.3d 632, 635 (8th Cir. 2014) ("Because we are a federal court sitting in diversity, we apply the substantive law of the forum state.").

## A.

The district court granted summary judgment to Metropolitan, concluding the policy is void due to material misrepresentations Calvin made in the application.

Specifically, the court found Calvin failed to disclose the prior loss of his home to a fire and that he was not entitled to an exception from the general rule that one who signs a contract is bound by his certification that the information in the application was true, complete, and correct.

Under Arkansas law, "the basic principle [is] that an insurance company may retroactively rescind a policy because of fraud or misrepresentation of the insured." Neill v. Nationwide Mut. Fire Ins. Co., 139 S.W.3d 484, 487 (Ark. 2003). Generally, when "a person signs a document, he or she is bound under the law to know the contents of the document," and "one who signs a contract, after an opportunity to examine it, cannot be heard to say that he or she did not know what it contained." Id. These general rules are subject to exceptions such as where the signature is procured by undue influence, fraudulent misrepresentation, violation of confidence, concealment, or other inequitable conduct. Id.

In Neill, the Arkansas Supreme Court recognized another exception to the general signature rule as pertaining to applications for insurance. There the trial court granted summary judgment to the insurer finding the policy void because the insured signed an application stating that he had no prior history of fire losses when he did. The insured claimed he was not asked about prior fire losses by the insurance agent during the application process. Id. at 485-86. The Arkansas Supreme Court reversed the grant of summary judgment in favor of the insurer holding "where an insured signs an application which was prepared by an insurance company's agent, and a conflict in the evidence arises as to whether an error on an insurance application was caused by the fraud, negligence or mistake of the agent, a question of material fact is presented which precludes entry of summary judgment." Id. at 4485.

Three justices of the Arkansas Supreme Court dissented, noting "[t]he effect of today's decision is that any applicant for insurance can now renege on any statement in his or her application by simply saying: 'I was never asked that question'

-5-

or 'I did not read the application.' All an insured has to do is make either of those declarations, and the matter will automatically be sent to trial." Id. at 489 (Brown, J., dissenting).

The district court attempted to distinguish Neill from the facts of this case by pointing out that in Neill the insured claimed that he was never asked the questions, whereas here Calvin admitted that Mackey asked him if he had a prior fire loss. The reasonable inference from this fact, which we construe in the light most favorable to Calvin, is that Mackey then made a mistake in completing the form and indicating a "No" response to the prior-loss question. "If [Mackey] misstated [Calvin's] response, . . . the conduct of [Mackey] is imputed to the insurer, and the insurer is estopped from setting up the false answers in the application to avoid the policy." Id. at 489.

Metropolitan argues that this case can be distinguished from Neill because Calvin's signature "certified not only that his answers were true and correct, but that he had read the document," Appellee's Br. at 18., whereas by the statement above the signature in Neill, the insured only certified "that the facts stated in the above application are true . . . ." Neill v. Nationwide Mut. Fire Ins. Co., 98 S.W.3d 448,452 (Ark. Ct. App. 2003) (Gladwin, J., dissenting). "It is well established in Arkansas that one is bound under the law to know of the contents of a paper signed by him and he cannot excuse himself by saying he did not know what it contained." Carmichael v. Nationwide Life Ins. Co., 810 S.W.2d 39, 41 (Ark. 1991). Accordingly, since the insured in Neill was also charged with knowledge of the document's content, we reject Metropolitan's attempt to distinguish Neill on this basis.[3]

---

[3]As he did before the district court, Calvin argues that there are other reasons he should not be bound by the alleged misrepresentation in the application. First, he claims that because the "number of year" blank in the question was not filled in with a numerical value, his answer was imperfect or incomplete. Because the answer was imperfect, Calvin argues, Metropolitan was required to inquire further into the answer prior to issuing the policy and cannot now assert that the answer was material.

In its response, Metropolitan argues that there was another misrepresentation in the application that would justify voiding the policy. A question on the application asked whether Calvin had "any coverage declined, cancelled or non-renewed during the last 3 years." Metropolitan argues that Calvin admitted under oath that State Farm had declined to cover him shortly before he applied for coverage with the Mackey Insurance Agency. Construing the facts of this case in the light most favorable to Calvin, State Farm never formally declined coverage, rather when Calvin contacted the State Farm agent to inquire about insurance, the agent told Calvin that based on this prior fire loss, State Farm would not issue a policy and that Calvin should seek insurance through an independent insurance agent. Certainly it is not clear that this statement from the State Farm agent constituted a declination of coverage, and therefore Calvin's response to the question does not constitute misrepresentation. Accordingly, we cannot affirm the grant of summary judgment on this alternative basis.[4]

---

Second, he argues that the application was not attached to the policy when the policy was issued, and thus the application cannot be used as evidence against him. Third, Calvin claims Metropolitan would have had actual knowledge of his prior fire loss when it received, in conjunction with the application, an automatically produced insurance history report that reflected the 2006 fire. Because we reverse the district court as discussed above, it is unnecessary for us to address any of these bases for excusing Calvin from the purported misrepresentation.

[4]Calvin also argues that Metropolitan should not be allowed to rescind the contract because it delayed offering to return the premiums paid by Calvin until well after it had learned of the alleged misrepresentation. Metropolitan sought a declaratory judgment that the policy was "void ab initio" as a result of Calvin's misrepresentation. This is the equivalent of seeking rescission of the policy. See Couch on Insurance 3d, § 30:3 ("A rescission avoids the contract ab initio . . . ."). Metropolitan is not prevented from seeking rescission of this policy solely because it did not offer to credit the premiums until December 2013. See Restatement (Second) of Contracts § 384 cmt. b (" If the court has the power to assure the required return in connection with the relief that it grants, it is not necessary that there have been a prior return or offer to return."). Accordingly, we affirm the district court's

-7-

B.

Metropolitan argues that there are alternative reasons to affirm the district court's grant of summary judgment. Metropolitan claims that Calvin made at least ten material misrepresentations during its investigation of Calvin's claim and that the "number and extent of Mr. Calvin's misrepresentations make their materiality determinable as a matter of law." Metropolitan alleges that Calvin made misrepresentations about the ownership of the property; the value of the contents in the home; Calvin's financial situation; Calvin's criminal history; a previous Kansas fire; Calvin's use of multiple names, different dates of birth, and different social security numbers; Calvin's business activities; and where Calvin had purchased certain contents of the home. Both before the district court and this court, Calvin has argued that the claimed misrepresentations are not material and that there are genuine factual disputes about whether his statements constituted misrepresentations at all.

The policy provides that if Calvin "conceals or misrepresents any material fact or circumstance or makes any material false statement or engages in fraudulent conduct affecting any matter relating to this insurance or any loss for which coverage is sought, whether before or after a loss, no coverage is provided under this policy." Under Arkansas law, "a fact or circumstance is material if 'it pertains to facts that are relevant to the [insurer's] rights . . . to decide upon its obligations and to protect itself against false claims.'" Willis v. State Farm Fire & Cas. Co., 219 F.3d 715, 718 (8th Cir. 2000) (quoting with approval the jury instruction presented in that case).

Because the district court granted summary judgment on other grounds, it did not consider Metropolitan's alternative argument. "Although we *may* affirm the district court's judgment on any basis supported by the record, we are not required to do so." Loftness Specialized Farm Equipment, Inc. v. Twiestmeyer, 742 F.3d 845,

determination that Metropolitan may seek rescission in this matter.

-8-

851 (8th Cir. 2014). Metropolitan's alternative argument requires multiple findings, including (1) a determination of what the facts, viewed in the light most favorable to Calvin, are, (2) whether those facts constitute misrepresentations by Calvin, and (3) assuming Calvin made misrepresentations, whether the misrepresentations are material. "[I]t would be beneficial for the district court to consider [this] alternative argument in the first instance," therefore we decline to consider Metropolitan's alternative argument and remand this matter to the district court for its consideration. Id.

## C.

Calvin also appeals the district court's grant of summary judgment to Metropolitan on the claims of breach of contract and bad faith. The district court dismissed the breach of contract claim because it found that the contract was void based on the alleged misrepresentation of failing to report the prior fire loss. Because, as discussed above, we reverse the district court on that finding, we likewise reverse the grant of summary judgment on the breach of contract claim and remand it to the district court for further consideration.

Calvin brought a bad faith claim against Metropolitan. Under Arkansas law, "a claim based on the tort of bad faith must include affirmative misconduct by the insurance company, without a good faith defense, and . . . the misconduct must be dishonest, malicious, or oppressive in an attempt to avoid its liability under [the] insurance policy." Aetna Cas. & Sur. Co. v. Broadway Arms Corp., 664 S.W.2d 463, 465 (Ark. 1984). In response to Metropolitan's motion for summary judgment on the bad faith claim, Calvin points to Metropolitan's failure to comply with the reporting requirements in the Arkansas Insurance Reporting Act as evidence supporting the claim of bad faith. Calvin also argued to the district court that Metropolitan's investigator ignored evidence that favored Calvin while accusing Calvin of purposefully falsifying the insurance application. On appeal, Calvin further contends

that the "length and depth of [Metropolitan's] investigation" support his claim of bad faith.

We find no evidence in the record to support the claim of bad faith. At best, the allegations demonstrate that Metropolitan aggressively sought to investigate the insurance claim, but there is no evidence that Metropolitan's actions were dishonest, malicious, or oppressive. Metropolitan's denial of coverage on the basis of the alleged misrepresentation in the application represents a good-faith dispute between the parties, and Metropolitan's investigation was neither malicious nor oppressive in its length or scope. Nor does the fact that Metropolitan failed to report the suspected arson, of itself, demonstrate bad faith on Metropolitan's part. Accordingly, the district court properly granted summary judgment to Metropolitan on Calvin's bad faith claim.

D.

Calvin sought partial summary judgment on Metropolitan's defense of arson. He claimed that this defense was only supported by circumstantial evidence and thus Metropolitan cannot meet its burden of showing that the fire was caused by arson. To be relieved from liability, the insurer must show by a preponderance of the evidence that the fire was caused by arson and that the insured either set the fire or caused the fire to be set. See Nationwide Mut. Fire Ins. Co. v. Bryson, 962 S.W.2d 824, 827-28 (Ark Ct. App. 1998); Haynes v. Farm Bureau Mut. Ins. Co. of Ark., Inc.,669 S.W.2d 551, 513 (Ark. Ct. App. 1984). Arkansas courts have declared that "[a]ny material fact in issue . . . may be established by circumstantial evidence" and the "law makes no distinction between direct evidence of a fact and circumstances from which [that fact] might be inferred." Haynes, 669 S.W.2d at 513.

We agree with the district court that the evidence, viewed in the light most favorable to Metropolitan, does not justify granting Calvin's motion for summary

judgment. At trial, Metropolitan is likely to present evidence of Calvin's prior fire loss, his financial difficulties, and the fact that certain important documents and personal items, such as family photographs, were stored away from the home at the time of the fire. Although, absent any determination as to the cause of the fire, it may be difficult to prove arson, viewing the facts in the light most favorable to Metropolitan, Calvin is not entitled to judgment as a matter of law on the arson question.

E.

Calvin appeals certain discovery rulings made by the district court. He claims that the district court erred by (1) failing to strike witnesses and exhibits that were not timely disclosed, and (2) denying his motion to compel the production of certain documents.

As to their motion to strike witnesses and exhibits, Calvin argues that the district court committed a gross abuse of discretion when it refused to strike witnesses John Ripley and J.D. Kennemer and refused to strike two exhibits, including deeds and a document described as "a claim history of Mr. Calvin" and "the referral to NICB," because Metropolitan disclosed those witnesses and exhibits after the end of the discovery deadline. Calvin claims he was prejudiced by this ruling because he lacked adequate time to depose the witnesses and Metropolitan was able to use the exhibits in its motion for summary judgment. The district court denied the motion to strike, holding "[n]othing in the record supports defendants' claim that the witnesses and exhibits they seek to strike were not made known to them during the course of discovery." "Appellate review of a district court's discovery rulings is 'both narrow and deferential.'" Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 360 (8th Cir. 2003) (quoting Moran v. Clarke, 296 F.3d 638, 650 (8th Cir. 2002) (en banc)). The court "will not reverse a district court's discovery ruling 'absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" Tenkku v.

Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (quoting McGowan v. Gen. Dynamics Corp., 794 F.2d 361, 363 (8th Cir. 1986)). As the court pointed out, the record demonstrates that Calvin had notice of these witnesses and exhibits prior to the discovery deadline as the witnesses and exhibits were discussed during deposition testimony, and in light of this court's reversal of the grant of summary judgment, Calvin cannot demonstrate prejudice. Accordingly, we affirm the district court's order denying Calvin's motion to strike.

Calvin also seeks reversal of the district court's order denying his motion to compel the production of certain documents Metropolitan asserts are subject to privilege. The district court conducted in camera review of the documents over which Metropolitan asserts privilege. Specifically, Calvin wants Metropolitan to produce a document entitled "the PFM and CLUE Report." Metropolitan responds in its brief that this Report was in fact produced and cites the Report in the appellate record. In his reply brief, Calvin does not dispute the assertion that the Report was produced, and the Report appears in the record. Accordingly, we affirm the district court's order denying Calvin's motion to compel.

III.

Accordingly, we reverse the district court's grant of summary judgment in favor of Metropolitan on the alleged misrepresentation in the insurance application and on Calvin's breach of contract claim. We affirm the district court's award of summary judgment in favor of Metropolitan on Calvin's bad faith claim and on Metropolitan's defense of arson claim. We also affirm the district court's discovery rulings and determination that Metropolitan can seek rescission of the contract. We remand this matter to the district court for further proceedings.

_____