# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-2125

_____

Zetor North America, Inc.

*Plaintiff - Appellee*

v.

Brent Rozeboom, individually, and as Director of Alberni Enterprises doing business as Ridgeway Enterprises; Glenda Rozeboom, individually

*Defendant*s

Ridgeway Enterprises, a private trust company

*Defendant - Appellant*

Antonie Rozeboom; Alberni Enterprises

*Defendant*s

Alan Scott Peterson, individually, and as Executive Trustee of Ridgeway Enterprises

*Defendant - Appellant*

_____

No. 16-2249

_____

Zetor North America, Inc.

*Plaintiff - Appellee*

v.

Brent Rozeboom, individually, and as Director of Alberni Enterprises doing business as Ridgeway Enterprises; Glenda Rozeboom, individually

*Defendants - Appellants*

Ridgeway Enterprises, a private trust company; Antonie Rozeboom; Alberni Enterprises; Alan Scott Peterson, individually, and as Executive Trustee of Ridgeway Enterprises

*Defendant*s

_____

Appeals from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: February 8, 2017
Filed: July 3, 2017

_____

Before SMITH,[1] BENTON and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Zetor North America, Inc., sued Ridgeway Enterprises and its associates for trademark infringement. Years before, Zetor settled a dispute with Ridgeway over similar infringement. The settlement agreement included an arbitration clause, which

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

-2-

Ridgeway seeks to enforce. The district court[2] denied Ridgeway's motion to compel arbitration. ***Zetor N. Am., Inc. v. Rozeboom***, 2016 WL 1611599 (W.D. Ark. April 22, 2016). Having jurisdiction under 28 U.S.C. § 1292(a)(1) and 9 U.S.C. § 16(a)(1)(c), this court affirms.

I.

Zetor was granted a license to use the Zetor mark and promotional materials in the United States. Ridgeway Enterprises[3] sells tractor parts but is not an authorized Zetor dealer. According to Zetor, Ridgeway advertises, markets, sells, and distributes new and used parts using the Zetor mark without clearly distinguishing which are genuine, causing consumer confusion about the source and quality of the parts. Zetor also alleges that Ridgeway's use of Zetor photos and promotional materials infringes its copyright.

Zetor and Ridgeway had a similar dispute in 2008. Becoming aware of similar tactics, Zetor sent a cease and desist letter. The dispute was resolved by a settlement agreement with an arbitration provision. That provision stated that the parties would "attempt in good faith to resolve any controversy arising out of or relating to this Agreement." If that failed, the controversy would go to mediation "in accordance with American Arbitration Association [sic] or may proceed directly to arbitration."

---

[2]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[3]Brent and Glenda Rozeboom own Ridgeway Enterprises. Antonie G. Rozeboom allegedly owns the property from which Ridgeway operates. Alberini Enterprises is associated with the Rozebooms. Alan Scott Peterson is the Executive Trustee of Ridgeway Enterprises. These parties are referred to collectively as "Ridgeway."

Under the Agreement, "Ridgeway acknowledge[d] the validity of the mark ZETOR" and "that only Zetor and its authorized resellers and licensees may use the Zetor Mark in advertising, promotional, and sales materials." In paragraph 2, Ridgeway agreed to "permanently cease and desist the use of the ZETOR Mark, except" to describe the compatibility of its products with a Zetor product, subject to several restrictions. Ridgeway also transferred to Zetor a domain name it used, zetorusa.com. Both Zetor and Ridgeway released all claims "that occurred prior to the effective date of this Agreement."

In 2014, Zetor became aware of allegedly trademark-infringing conduct by Ridgeway. Zetor sent another cease and desist letter. Ridgeway did not respond. Zetor sued Ridgeway for trademark infringement and dilution, injury to business reputation, unfair competition, copyright infringement, deceptive trade practices, and civil conspiracy, adding claims as under Arkansas anti-dilution laws, the Arkansas Deceptive Trade Practice Act, and common law. In its answer, Ridgeway included "arbitration and award" in a list of affirmative defenses. However, Ridgeway did not move to compel arbitration until after the case progressed: The parties had completed preliminary discovery and participated in a case-management hearing and settlement conference; Zetor had added defendants and moved to compel discovery.[4]

The district court, finding the arbitration provision inapplicable to Zetor's new claims, denied Ridgeway's motion to compel arbitration. It did not address Zetor's argument that the settlement agreement was void due to fraudulent inducement in its formation. Ridgeway appeals.

---

[4]On appeal, Zetor now argues that Ridgeway waived arbitration by not moving to compel at the beginning of the case. Because the district court did not address this argument, this court declines to do so in the first instance. *See Metro. Prop. & Cas. Ins. Co. v. Calvin*, 802 F.3d 933, 939 (8th Cir. 2015) (an appellate court may, but need not, consider alternative arguments on appeal).

II.

The contract-interpretation-based denial of a motion to compel arbitration is reviewed de novo. ***Unison Co. v. Juhl Energy Dev., Inc.***, 789 F.3d 816, 818 (8th Cir. 2015). The Federal Arbitration Act—which governs here—reflects "a liberal federal policy favoring arbitration." ***AT&T Mobility LLC v. Concepcion***, 563 U.S. 333, 339 (2011) (internal quotation marks omitted). But it is a "fundamental principle that arbitration is a matter of contract." ***Id.*** (internal quotation marks omitted). Therefore, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." ***Howsam v. Dean Witter Reynolds, Inc.***, 537 U.S. 79, 83 (2002). *See also* ***Unison***, 789 F.3d at 818.

"[T]he liberal federal policy favoring arbitration agreements requires that a district court," faced with a broad arbitration clause "send a claim to arbitration as long as the underlying factual allegations simply touch matters covered by the arbitration provision." ***Unison***, 789 F.3d at 818 (internal quotation marks and alterations omitted). Arbitration clauses covering claims "arising out of" or "relating to" an agreement are broad. ***Id.*** at 819.

Here, Ridgeway agreed to "permanently cease and desist" its allegedly infringing use of the Zetor mark. Thus, according to Ridgeway, Zetor's current claims "aris[e] out of or relat[e] to" the Agreement and are bound by the arbitration provision. Ridgeway concludes that "the underlying factual allegations [ ] 'touch matters covered by' the arbitration provision." ***3M Co. v. Amtex Sec., Inc.***, 542 F.3d 1193, 1199 (8th Cir. 2008), *quoting* ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.***, 473 U.S. 614, 625 n.13 (1985).

Ridgeway relies on the *3M* case, where this court upheld the enforcement of an arbitration clause because "[e]very claim in Amtex's original complaint fell squarely within the scope of the arbitration clause," and additional claims "include[d]

-5-

factual allegations regarding" contract terms. *Id.* 3M had contracted with Amtex to "provid[e] various administrative, technical, and professional services." *Id.* at 1195. The contract "detailed the duration, scope of services, and contract price for services." *Id.* The parties "agreed to arbitrate any dispute regarding the existence, cause, or value of any change to the scope of services Amtex was to provide." *Id.* at 1196. Amtex demanded an equitable adjustment for uncompensated services outside the scope of the agreement. *Id.* at 1199. The arbitration agreement applied "[i]n the event [the parties] cannot agree on . . . whether a variation has occurred." *Id.* (first and second alterations in original) (internal quotation marks omitted). This court held that "they agreed to arbitrate a very broad range of disputes regarding the existence, cause, or value of any change to the scope of services," and thus the claims were arbitrable. *Id.*

Unlike the *3M* case, Zetor's claims have no relation to the terms of the Agreement. Despite the language obliging Ridgeway to "permanently cease and desist" its allegedly infringing use of the Zetor mark, the Agreement resolved an existing dispute; it did not create a relationship between the parties to be governed by the terms of the Agreement. Zetor released its claims arising out of Ridgeway's sales practices, and Ridgeway agreed to cease its conduct. Zetor and Ridgeway each released all claims "that occurred prior to the effective date of [the] Agreement." The Agreement's releases encompass Ridgeway's alleged infringement up to the effective date only. The district court noted any claims covered by the Agreement—arising before the effective date of October 15, 2008—are time-barred. Zetor does not attempt to revive any of these claims or assert any claim that depends on the existence of the Agreement.

Zetor does not allege Ridgeway violated the terms of the Agreement. While the alleged wrongful conduct is similar to the conduct that led to the Agreement, Zetor's claims rest on independent trademark and copyright grounds, which have no relation to the terms of the Agreement and in no way depend on its existence. This

independent alleged violation of Zetor's trademark rights does not "aris[e] out of or relat[e] to" the terms of the Agreement. Because the Agreement covers only conduct that occurred before its 2008 effective date—not the current conduct—Zetor's claims do not "touch matters covered by the arbitration provision." *Id.* (internal quotation marks omitted), *quoting **Mitsubishi Motors***, 473 U.S. at 625 n.13. Zetor is not attempting to enforce the terms of the Agreement; it is suing to enforce trademark and unfair competition laws that are independent of the Agreement. The complaint did not mention the Agreement, and Zetor did not sue to bring Ridgeway into compliance with its terms.

Ridgeway maintains that the provisions in paragraph 2 of the Agreement create a relationship governing future conduct between the parties. That paragraph, however, requires only that Ridgeway stop its objectionable sales practices, subject to certain exceptions. It does not create a structure of forward-looking rights and obligations enforceable through arbitration.

The plain language of the contract does not apply to wholly independent claims arising several years later. Ridgeway's interpretation of its requirement to cease infringing the Zetor mark would bind the parties—in perpetuity—to arbitrate any dispute about trademark, copyright, and consumer-deception law. As the district court found, this "reading of the Agreement and arbitration clause is patently unreasonable and contrary to the clear and unambiguous language of the contract itself." ***Zetor***, 2016 WL 1611599, at *3. Because "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," Zetor cannot be compelled to arbitrate claims wholly unrelated to the Agreement. *See **Howsam***, 537 U.S. at 83.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____