# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2386

_____

First Baptist Church

*Plaintiff - Appellant*

v.

Zurich American Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: September 25, 2024
Filed: February 21, 2025

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

First Baptist Church sued Zurich American Insurance Company after its hail damage claim was denied, alleging breach of contract and insurance bad faith. After motions for summary judgment were filed by both parties, the district court ruled in Zurich's favor because it determined First Baptist failed to comply with the prompt notice provision in the insurance policy. The court based its decision on an argument and evidence first discussed in Zurich's reply brief about First Baptist's knowledge

of past loss or damage to its property. Because we conclude there are potential genuine disputes of material fact not properly litigated, we reverse and remand to the district court for further consideration of past loss or damage and the effect on First Baptist's claims.

## I. Background

First Baptist Church, located in Fort Smith, Arkansas, had annual property insurance policies with Zurich. The insured property at issue included multiple buildings with various roof coverings. The property experienced leaks over the years, and First Baptist hired roofing companies to examine and repair portions of its roofing system in 2016, 2017, and 2018. In 2022, First Baptist's building manager showed some leaks inside one of its buildings to a representative of a roofing company. At least one of the areas leaking and shown to the representative had leaked in the past and had been repaired by a prior company. The representative examined the roofing system and determined it had hail damage. Two weeks later, First Baptist filed a claim with Zurich alleging the damage occurred on April 28, 2017. Zurich denied the claim because its "investigation found that no damage was sustained to [the property] from the April 28, 2017 hail event, and there [was] evidence of excluded causes of loss such as wear and tear, insufficient maintenance, and deterioration." First Baptist sued to obtain coverage under its policy and asserted Zurich acted in bad faith in investigating the claim.

During discovery, Zurich's expert engineer admitted some damage could be consistent with hail impact. But when asked about specific evidence of hail impact he characterized it as non-damaging hail impact. He reasoned the damage to the roofing system "would not be expected and was not observed" based on the size of the hail produced on April 28, 2017. In contrast, First Baptist's expert determined "hail of approximately 1-inch was probable at the site on May 18, 2019, and May 4, 2020. The size of hail from either event was capable of causing the damage noted to the various roof systems observed . . . ." First Baptist later amended its pleadings

and asserted these new 2019 and 2020 dates of loss or damage based on its expert report.

The parties filed cross-motions for summary judgment. In part, Zurich argued First Baptist failed to provide prompt notice of loss or damage in accordance with the policy's requirements and asked the district court to bar First Baptist's suit. Zurich emphasized it was "undisputed that [First Baptist] ha[d] not repaired or replaced the alleged hail damage." Zurich focused on when First Baptist provided notice based on the three dates First Baptist alleged the damage occurred, emphasizing the lapse of time since those dates. Zurich did not argue or cite any evidence alleging First Baptist knew of the loss or damage before January 2022.

First Baptist responded to Zurich's motion by arguing that "[t]he summary judgment evidence shows [First Baptist] first learned of the hail loss and hail damage at issue in January 2022, and notified [Zurich] of the same January 25, 2022." (Footnotes omitted). First Baptist contended Zurich did not submit any evidence showing First Baptist knew of the hail loss and hail damage at issue before January 2022. But in Zurich's reply brief, it argued First Baptist "knew its roof was damaged and leaking as early as 2016." Zurich asserted First Baptist was "fully aware" of its loss or damage and that First Baptist "provided no notice to Zurich until six years following the discovery of the damage." To support these assertions, Zurich included citations to exhibits that were included in its response to First Baptist's motion for partial summary judgment. The exhibits included 2016, 2017, and 2018 repair invoices, along with deposition testimony from First Baptist's building manager admitting roofing companies made repairs to its roofing system over the years.

Five and a half weeks later, the district court granted summary judgment in favor of Zurich on both claims. Relying on the exhibits Zurich cited in its reply brief, the court held that "Zurich presented evidence that First Baptist knew of loss or damage to its property as early as 2016, when First Baptist began hiring roofing companies to fix leaks in the ceiling." And the court concluded that "[n]o reasonable

-3-

jury could find that First Baptist 'promptly notified' Zurich of the loss or damage nearly six years later in January 2022." First Baptist filed a motion to reconsider and argued, in part, that Zurich waived its argument about 2016 leaks and that the court's ruling was an improper *sua sponte* summary judgment. The district court denied the motion, reasoning Zurich did not present a new argument but instead supplemented its initial argument. First Baptist appeals the court's grant of summary judgment.

## II. Analysis

"We review a grant of summary judgment on an insurance policy interpretation de novo, applying the same summary judgment standard as the district court and using state law to determine coverage issues." *BITCO Gen. Ins. Corp. v. Smith*, 89 F.4th 643, 645 (8th Cir. 2023). "Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-movant, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Metro. Prop. & Cas. Ins. Co. v. Calvin*, 802 F.3d 933, 937 (8th Cir. 2015) (quoting *Raines v. Safeco Ins. Co. of Am.*, 637 F.3d 872, 874 (8th Cir. 2011)).

The district court concluded First Baptist could not recover under its insurance policy because it failed to comply with a condition precedent. In reaching this conclusion, the court determined that "First Baptist knew of loss or damage to its property as early as 2016, when First Baptist began hiring roofing companies to fix leaks in the ceiling." To start our analysis, we examine First Baptist's duties under the policy under Arkansas law, which we apply in this diversity action.

Under Arkansas law, courts construe the language in an insurance policy in "its plain, ordinary, and popular sense." *McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 268 S.W.3d 890, 894–95 (Ark. 2007). "If the language in context is unambiguous, it is unnecessary to look beyond the policy or rely upon presumptions in either parties' favor in interpreting the policy." *Bull v. Nationwide Mut. Fire Ins. Co.*, 824 F.3d 722, 724 (8th Cir. 2016) (applying Arkansas law). But if the policy

-4-

language is ambiguous, courts construe the policy "liberally in favor of the insured and strictly against the insurer." *McGrew*, 268 S.W.3d at 895.

Here, the insurance policy states, in part, the following:

**F. DUTIES IN THE EVENT OF LOSS OR DAMAGE**

1. You must see that the following are done in the event of loss or damage to Covered Property:
   a. Notify the police if a law may have been broken.
   b. Give us prompt notice of the loss or damage, including a description of the property involved.
   c. As soon as possible, give us a description of how, when, and where the loss or damage occurred.
   d. Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. . . .
   e. At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values, and amount of loss claimed.
   f. As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. . . .
   g. Send us a signed, sworn proof of loss containing the information we request to investigate the claim. . . .
   h. Cooperate with us in the investigation or settlement of the claim.

. . .

**H. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Commercial Property Coverage Part unless:
1. All of its terms have been fully complied with; and
2. The action is brought within 2 years after the date on which the loss or damage commenced.

We have held that similar policy language "establish[es] by necessary implication that the notice provisions are conditions precedent to recovery" under Arkansas law. *See Kimbrell v. Union Standard Ins. Co.*, 207 F.3d 535, 536–37 (8th Cir. 2000); *Dowden v. Cornerstone Nat'l Ins. Co.*, 11 F.4th 866, 874 (8th Cir. 2021). The Arkansas Supreme Court has explained that "where an insurance policy provides that the giving of notice of a loss, claim, or lawsuit is a condition precedent to recovery, the insured must strictly comply with the notice requirement, or risk forfeiting the right to recover from the insurance company." *Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, 361 S.W.3d 800, 803 (Ark. 2010).

Here on appeal, First Baptist does not contest the prompt notice provision is a condition precedent. Instead, First Baptist argues it met the condition precedent because it notified Zurich two weeks after it learned of hail damage to its roofing system and the past leaks do not bar coverage. It argues the relevant "loss or damage" it needed to notice is *covered* damage, not unrelated excluded damage such as leaks caused by wear and tear. It also disputes whether the evidence on which the district court relied relates to the damage at issue. Zurich, for its part, claims First Baptist failed to meet the condition precedent because the past roof leaks constitute "loss or damage" and those roof leaks are the same "loss or damage" for which First Baptist is seeking coverage.

But we cannot resolve how those past leaks and repairs affect the summary judgment analysis based on the incomplete record, which occurred because of how Zurich raised its argument in the district court. In Zurich's opening brief, it focused solely on the lapse of *time* between the date of the alleged cause of loss or damage and First Baptist's claim. In its reply brief, Zurich shifted its focus to First Baptist's *knowledge* of damage of which Zurich claimed First Baptist was required to report. Unlike its opening brief, which never mentioned evidence of leaks in 2016, Zurich's reply brief discussed evidence about these leaks and argued First Baptist's failure to notify Zurich of that 2016 "loss or damage" barred coverage under the policy. Consequently, First Baptist never had a fair opportunity to counter such evidence or argue the purported damage was unrelated to that for which it claimed coverage.

-6-

During oral argument on appeal, Zurich's counsel argued the applicable policy requires insureds to notify the insurer of "loss or damage for which [insureds] ultimately seek coverage." Four of First Baptist's duties laid out in its insurance policy — those listed under F(1)(d), (e), (g), (h) — do explicitly mention a duty in the context of "the claim" or "amount of loss claimed." That moves the focus away from when First Baptist knew of *any loss or damage* to its property generally to when it knew of the *specific loss or damage* for which it is seeking coverage. So we are left with an unanswered question of whether it is disputed that the past leaks are the same loss or damage for which First Baptist is now seeking coverage. It appears the answer is yes — there is a genuine dispute about whether this is the same loss or damage. Zurich argues there was loss or damage from 2016 to 2018, but First Baptist asserts its claim is based on loss or damage that occurred in 2019 or 2020.

In arguing that genuine disputes of material fact exist about the nature of the loss or damage at issue, especially the date and cause of the loss or damage, First Baptist points out that in response to its motion for partial summary judgment, Zurich admitted that "[t]he date of any hail damage at the covered property is a disputed question of fact." First Baptist also relies on its expert report opining that its roofing system was damaged by hailstorms in either 2019 or 2020. First Baptist's position is that these hailstorms caused new damage to its roofing system independent of any prior wear and tear and that it was unaware of that damage until 2022. First Baptist further contends that even if the alleged 2016 to 2018 leaks and repairs are relevant, there is no evidence of the cause of the leaks, the leaks were repaired before later hail damage, and these leaks are not the same damage now at issue. First Baptist argues that viewing these material facts in its favor, as the court must at the summary judgment stage, supports its arguments about promptly notifying Zurich. *See Calvin*, 802 F.3d at 937 (summary judgment standard). In determining whether summary judgment is proper, the "court should 'not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue.'" *Avenoso v. Reliance Standard Life Ins. Co.*, 19 F.4th 1020, 1024 (8th Cir. 2021) (quoting *Great Plains Real Est. Dev., L.L.C. v. Union Cent. Life Ins. Co.*, 536 F.3d 939, 944 (8th Cir. 2008)).

Zurich contends there are no factual disputes related to the leaks and that First Baptist waived its argument that those leaks were the result of wear and tear or lack of maintenance. But this only highlights the issue with Zurich raising its argument about leaks for the first time in its reply brief in the district court. Zurich's argument changed from one about lapse of time to one about knowledge of past loss or damage. Zurich's new theory relied on "distinct factual allegations," *see Montgomery v. City of Ames*, 749 F.3d 689, 697 (8th Cir. 2014), to which First Baptist did not have a fair opportunity to fully respond with evidence and argument. *See Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015) ("Due process, we have cautioned, requires that a plaintiff be given an opportunity to respond to an argument or evidence raised as a basis to dismiss his or her claims."). As a result of how Zurich raised the issue of First Baptist's knowledge about past loss or damage, First Baptist was hindered in introducing evidence and advancing arguments to counter Zurich's assertions.

As a result, we conclude we are left with an underdeveloped record and cannot properly analyze unvetted issues that may affect the outcome of the case. *See Heisler v. Metro. Council*, 339 F.3d 622, 632 (8th Cir. 2003) (reversing summary judgment where the nonmovant "did not get a chance to develop the record or point out material issues of fact contained in the record" where "she was not on notice" this argument "was at issue in the summary judgment proceedings"). In other contexts, we have recognized the problems of procedural maneuvers that prevent parties from introducing counter arguments and evidence. *Cf. Montgomery*, 749 F.3d at 697 ("A district court commits reversible error by granting summary judgment on an issue not raised or discussed by the parties if the losing party did not have notice and an opportunity to respond."); *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir. 1986) ("A litigant should not be surprised on appeal by a final decision there of issues upon which they had no opportunity to introduce evidence."). Thus, this case must be remanded for further development considering the factual and legal questions raised in Zurich's reply brief that left First Baptist without adequate opportunity to respond. The answers to these questions could affect the outcome of the summary judgment decision. We therefore reverse and remand to the district

court to allow First Baptist the opportunity to respond to Zurich's argument raised in its reply brief and to reconsider the summary judgment decision based on these arguments.[1]

### III.  Conclusion

For the reasons set forth above, we reverse the district court and remand for proceedings consistent with this opinion.

_____

_____

[1]Because we reverse and remand for further evaluation of the parties' arguments related to First Baptist's breach of contract claim, we decline to review, at this time, the district court's decision on First Baptist's bad faith claim.  Thus, we also reverse and remand the grant of summary judgment as to First Baptist's bad faith claim, which was based on the district court's conclusion that there was no breach of contract.